The declaration, in this case, being founded on an act of Assembly of considerable importance, and having stood the test of the Court of Appeals, it may be useful to many practitioners of law to insert it entire : — -
“Cumberland county, to witCodrington Carrington, late sheriff: of Cumberland, who sues for the benefit of John Hudson, complains of Erancis Anderson and John Ballow, defendants, in custody, &c. of a plea that they render to him the sum of one hundred pounds, which they to the plaintiff owe, and from him unjustly detain ; for that, whereas by an act of the General Assembly of Virginia, passed the 8th day of Eebruary, 1808, entitled, ‘an act concerning sheriffs,’ it is enacted that, if any sheriff or other officer shall levy an execution on. property, and a doubt shall arise whether the right of such property is in the debtor, or not, such sheriff or other officer may apply to the plaintiff, his attorney, or agent, for his bond, with good security, for indemnification for the sale of the property seized ; and, also, by the said act, among other things, it is enacted, that any person claiming such property may, in the name of such officer, prosecute his suit on the bond, and recover such damages as the jury may assess ; and whereas the said Ballow, on the day of in the year 1808, had delivered a certain writ of execution, called a fieri facias, to Samuel Hobson, who was then and there deputy sheriff of the said plaintiff, which execution was to be levied of the goods and chattels of a certain Thomas Hudson ; and the said Samuel Hob-son having levied the said execution on a horse ; — and the said John Hudson having, on the day of in the year 1808, set up a claim to the said horse, whereby a doubt arose whether the right of such horse was in the said Thomas Hudson, or the said John Hudson ; and the said Samuel, as deputy sheriff, having required bond and security, of the said John Ballow, for indemnification for the sale of the said horse so seized ; the said defendants, on the 14th day of April, 1808, in the same county, by their writing obligatory, sealed with their seals, *and to the court now shewn, bound themselves to pay all costs and damages, under the penalty of one hundred pounds ; and the plaintiff saith, the said horse was in fact the horse and true property of the said John Hudson, and was not liable to be sold under the said execution, which the said defendants caused the said deputy to do, by entering into the said bond; whereby the defendants became bound to pay such damages as the jury should assess; and the plaintiff saith, that the said horse was worth, and the said defendants are liable to pay to the said plaintiff, for the said John Hudson, the sum of one hundred dollars, — of which Ihe defendants had notice; yet the defendants to the plaintiff have refused to pay the said one hundred dollars, either to the plaintiff or to the said John Hudson, although often required ; and so the defendants became *332 “bound to pay to the plaintiff the said sum of one hundred dollars ; yet the said defendants have not paid to him the said sum, but the same to pay to the plaintiff have refused, although often required, and still do refuse ; to the plaintiff’s damage $100, and he brings suit, &c. for the said John Hudson.
The suit having abated as to the defendant John Ballow, the other defendant Francis Anderson pleaded “not guilty,” and, on the trial, introduced Samuel Hobson, the deputy sheriff aforesaid, to prove that the horse'in the declaration mentioned was, at the time of the sale, the property of Thomas Hudson, and not the property of John Hudson. The plaintiff by his counsel made a motion to exclude the evidence of said Samuel, Hobson, because he was the acting sub-sheriff at that time, took the indemnifying bond on which this suit was brought, and made the sale of the horse in the declaration mentioned, under an execution, which was set forth in hasc verba: which motion by the plaintiff was sustained by the court ; — whereupon the defendant filed a bill of exceptions.
A motion was then made by the defendant, to the court to instruct the jury, that, unless it appeared to them, from evidence, that the sheriff, or his deputy in the declaration mentioned, had been injured, or sustained damages, in consequence of the sale of the horse in the declaration mentioned, the issue joined must be in favour of the defendant; — as no action could be sustained on the bond in the declaration mentioned against the defendants, unless the sheriff or his deputy had suffered ; *which instruction the court refused to give ; and thereupon the defendant again excepted to the court’s opinion.
The jury returned a verdict for the plaintiff, for the debt in the declaration mentioned, to be discharged by the payment of fifty two dollars damages ; and a judgment was entered accordingly; to which a writ of super-sedeas was granted, and the same was reversed by the Superior Court of law, “because an action cannot be sustained on the bond in the declaration described, upon the breach therein alledged, for the benefit of the claimant; nor can any action be sustained thereon, until the plaintiff, or his deputy, shall have sustained an injury from the sale of the property mentioned therein.” For these reasons, the Superior Court directed judgment to be entered for the plaintiff in error; from which the defendant in error, (that is, the plaintiff originally,) appealed to this court, — where, on the 7th of February, 1816, the judgment of the Superior Court of law was reversed, and that of the county court affirmed.